IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **BENJAMIN JOHNSON** § | |
| *Plaintiff* § | |
| § | |
| § | CIVIL ACTION NO. |
| **v.** § | |
| § | |
| § | |
| **ALICE INDEPENDENT SCHOOL** § | |
| **DISTRICT** § | **JURY TRIAL DEMANDED** |
| *Defendant* | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### NATURE OF THE CASE

**THE CLAIM:** Defendants Alice ISD and Kayla Morrison constructively discharged Plaintiff, a member of a protected class, for the same alleged conduct committed by other Alice ISD employees, electing not to punish or otherwise take any action against those employees. Accordingly, Plaintiff commences this cause under Title VII of the Civil Rights Act of 1964; under 42 U.S.C. § 1983; and under Texas state law.

### II.

### PARTIES

1.  Plaintiff, **BENJAMIN JOHNSON** is a resident of Jim Wells County, Texas.

2.  Defendant **ALICE INDEPENDENT SCHOOL DISTRICT ("AISD")** is a state-chartered organization whose purpose is to govern the affairs of the public schools in the City of Alice, Jim Wells County, Texas. AISD is responsible for the policies, practices, and customs of its schools, as well as the hiring, training, supervision, control, and discipline of its teachers, principals, and other personnel. AISD may be served with service of process by serving,

3.  AISD may be served by and through Mr. Margarito "Maggie" Perez, President of the Alice Independent School District Board of Trustees at the Alice Independent School District Administration Building, 2 Coyote Trl., Alice, TX 78332, or wherever he may be found.

## III.

## JURISDICTION

4. The subject matter in controversy and damages sought are within the jurisdictional limits of this Court.

5. This Court also has jurisdiction over this suit under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

6. Venue is also appropriate in the Southern District of Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in Alice, Jim Wells, Texas, which is in the Corpus Christi Division of the Southern District of Texas.

## IV.

## FACTS AND ALLEGATIONS

7. On or about 10 June 2022, Benjamin Johnson, the sole Black male employed in an administrative capacity in the entirety of the Alice Independent School District, was forced to resign his position as Dean of Instruction at William Adams Middle School.

8. As Dean of Instruction, Mr. Johnson was tasked with the completion of evaluations of teachers assigned him by the then-principal, Dr. Judith Holmgreen.

9. Mr. Johnson completed his assigned evaluations.

10. At some point following the completions of the evaluations, a grievance was allegedly tendered, claiming Mr. Johnson had conducted evaluations improperly.

11. Mr. Johnson was not provided a copy of this grievance.

12. Thereafter, Ms. Anna Holmgreen, executive director of human resources for Alice ISD and sister to Dr. Judith Holmgreen, investigated the issue and her and Mr. Guillermo "Willie" Ruiz, assistant superintendent, called Mr. Johnson, informing him of the grievance.

13. Mr. Johnson was asked whether he would write a statement regarding the allegations. He declined to do so.

14. In response, Ms. Anna Holmgreen called him ten days later and informed him that if he did not write a statement, he would be deemed insubordinate.

15. Mr. Johnson ultimately wrote a statement.

16. On information and belief, either the same day or the next day, Mr. Johnson met with Mr. Willie Ruiz and Alice ISD superintendent, Mr. Carl Scarborough. At this meeting, he was told that he could resign; and if he chose not to, that he would be terminated.

17. Other non-Black administrative employees of Alice ISD were been accused of myriad misdeeds around that time but were either not forced to resign or not been disciplined remotely as harshly as Mr. Johnson was.

18. At least three employees – K.R., E.V., and T.S. (all of whom were previously employed in administrative roles) – of a different race than Mr. Johnson were treated demonstratively better by Alice ISD even where accused of wrongdoing.

## CAUSES OF ACTION

### COUNT ONE

### COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff incorporates by reference all preceding paragraphs in this Complaint.

20. Defendants discriminated against Plaintiff in the manner indicated in paragraphs 7-18, *supra*.

21. At the time such acts were committed against Plaintiff, he was employed by Defendant Alice Independent School District.

22. The Equal Employment Commission issued its *Determination and Notice of Rights* letter informing Plaintiff of his right to sue on 29 November 2024, via email.

23. Due to Plaintiff's race, color, and/or national original, Defendants constructively discharged Plaintiff, while electing to take no action against others similarly situated but not of Plaintiff's protected class.

24. The acts complained of in paragraphs 7-18, *supra*, are no longer being committed by Defendants, as Plaintiff is no longer employed by Defendant AISD.

### COUNT TWO
### SELECTIVE ENFORCEMENT

## *Monell Claim* alleging the violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983 Against Defendant AISD

25. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as though fully delineated below.

26. Defendants' agents, acting under color of law, deprived Mr. Johnson of the rights and privileges secured him by the Fourteenth Amendment to the United States Constitution to be free from selective enforcement by government actors.

27. Accordingly, Mr. Johnson commences this action pursuant to 42 U.S.C. § 1983.

28. "It is well-established that, as a general matter, the Equal Protection Clause of the Fourteenth Amendment requires that all similarly situated persons be treated substantially alike."[22]

29. In order to prevail on a "class of one" selective enforcement equal protection claim, [Plaintiff] must show (1) that they were intentionally treated differently from others similarly situated, (2) that there is no rational basis for the difference in treatment, and (3) that the "government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right."[23]

30. Plaintiff was intentionally treated differently than K.R., E.V., and T.S. and in spite of the evidence indicating that said other administrators had been accused of wrongdoing and received no punishment or considerably less severe punishment than forced resignation.

31. All three of these other former administrators were similarly situated to Plaintiff at or around the time, yet on information and belief, Defendant took no such adverse employment action against them.

32. There is no rational basis for the difference in treatment between these administrators with respect to the allegedly problematic conduct.

## DAMAGES

33. Mr. Johnson repeats and re-alleges each and every allegation contained in the above paragraphs as though fully delineated below.

---

[22] *Lundquist v. City of Pasadena*, 2006 U.S. Dist. LEXIS 87793 (S.D. Tex. December 5, 2006) *rev'd*, 525 F.3d 383 (5th Cir. 2008)(citing *Vulcan Materials Co. v. City of Tehuacana*, 238 F. 382, 388-89 (5th Cir. 2001)).

[23] *Mary v. Brister*, 2019 U.S. Dist. LEXIS 49136, at 8-9 (E.D. La. March 25, 2019)(citing *Vill of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) and *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 277 (5th Cir. 2000)).

34. Plaintiff seeks monetary relief and for judgment of all the other relief to which he deems himself entitled.

35. Mr. Johnson is thus entitled to recover all actual damages allowed by law.

36. As a direct and proximate result of the occurrence underlying this lawsuit, Mr. Johnson suffered:

   a. Economic damages, including future wages; and
   b. Non-economic damages, including mental anguish.

37. Plaintiff furthermore seeks to recover compensatory damages and reasonable attorney's fees and costs of court, pursuant to 42 U.S.C. § 1983 and § 1988.

## VII.
## ATTORNEY'S FEES

38. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. §1988.

## VIII.
## JURY DEMAND

39. Plaintiff respectfully requests a jury trial in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against all Defendants, for an amount in excess of the jurisdictional minimum of this Court.

Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully Submitted,

**WEBB CASON & MANNING, P.C.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone:    (361) 887-1031

Facsimile: (361) 887-0903

___*/s/ Matthew S. Manning*___
MATTHEW S. MANNING
State Bar No.: 24075847
SDTX Bar No: 3504172
General Correspondence Email:
E: matt@wcctxlaw.com

ATTORNEY FOR BENJAMIN JOHNSON